IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHRISTOPHER CROSS, Legal Guardian, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 4:11-cv-01544-FRB |
| | ) | |
| MHM CORRECTIONAL SERVICES, INC., | ) | |
| MICHAEL PINKERT, Chairman/CEO, | ) | |
| STEVEN WHEELER, President/CEO, | ) | |
| DR. JONES, Psychiatrist, | ) | |
| DR. REDDY, Psychiatrist, | ) | |
| JULIE MOTLEY, Program Director, | ) | |
| LEANN VOGT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANTS TO DISMISS**

COMES NOW Defendants, by and through counsel, and for their Memorandum of Law in Support of their Motion to Dismiss, state as follows:

Plaintiff brings this matter as "Christopher Cross, legal guardian." However, throughout the entirety of the First Amended Complaint, plaintiff indicates that he brings this matter on his own behalf and on behalf of his ward, Eldon Flaherty. Christopher Cross, individually, and Christopher Cross as guardian of Eldon Flaherty, are separate and distinct legal entities, and must be named as such to pursue claims on behalf of both Mr. Cross and Mr. Flaherty.

Furthermore, throughout the First Amended Complaint, Mr. Cross claims that he is seeking economic damages in this matter. However, at no point in the First Amended Petition does Mr. Cross indicate what economic damages he has allegedly incurred. With regard to Mr. Flaherty, plaintiff again claims economic damages. However, once again plaintiff fails to state any specific economic damages Mr. Flaherty has incurred, as it is not asserted in the First

Amended Complaint that Mr. Flaherty has suffered any deterioration or change in his mental health condition as a result of the alleged deliberate indifference to his mental health needs.

The First Amended Complaint also claims that plaintiff is seeking injunctive relief. However, the First Amended Complaint does not set forth specifically what relief plaintiff is seeking.  In Paragraph 5 of the First Amended Complaint, plaintiff asserts a legal conclusion that this court has supplemental jurisdiction over plaintiff's State law claims.  However, the First Amended Complaint does not set forth any State law claims that the defendants can ascertain.

In Paragraph 7 of the First Amended Complaint, plaintiff claims that he has exhausted his administrative remedies allegedly provided by MHM, but does not set forth what those administrative remedies purportedly were.  Furthermore, plaintiff does not allege that he or his ward exhausted the administrative remedies provided by the State of Missouri Department of Corrections.

Plaintiff states in his factual allegations that the defendants allegedly deprived him of his ability to discharge his duties as a legal guardian, but does not set forth with any specificity how his abilities were so deprived.  Plaintiff does allege that MHM failed to properly train or supervise its employees on how to handle a prisoner with a guardian.  However, plaintiff does not set forth how such alleged failure to train or supervise has affected his ability to discharge his duties or has affected the mental health status of his ward.

Plaintiff also refers to a set of interaction guidelines he was provided by MHM on January 11, 2011, and alleges that those guidelines were to arbitrarily chill speech.  However, plaintiff sets forth no facts as to how those guidelines allegedly chilled speech or impeded upon his responsibilities as a guardian.

Plaintiff further asserts that defendant Vogt acted with deliberate indifference in refusing to grant plaintiff's request for a change in counselor.  Plaintiff fails to set forth any reason why such a request for change in counselor was made, and further fails to assert any authority that an incarcerated individual has the right to choose his health care providers.

In Count I of the First Amended Complaint, plaintiff states that MHM's policies, practices, etc., led to an unreasonable risk of harm and damages to his ward.  However, plaintiff does not set forth what specific harm or damages his ward has allegedly sustained.  Again in Count II of the First Amended Complaint, plaintiff states that MHM's policies, practices, etc., led to an unreasonable risk of harm and damages to his ward.  However, plaintiff does not set forth what specific harm or damages his ward has allegedly sustained.

In Count III, plaintiff claims that the defendants deprived his ward of rights, liberties and privileges, but generally does not state what rights, liberties or privileges he refers to.  Plaintiff does allege that defendants deprived his ward of participation in the Missouri Sex Offender Program, but does not set forth how the defendants purportedly deprived Mr. Flaherty of this right when it was in fact Mr. Cross who refused to allow his ward to participate in the Missouri Sex Offender Program.

In Count IV, plaintiff claims retaliation or intimidation by defendant Vogt.  However, plaintiff fails to state how the refusal of Ms. Vogt to grant plaintiff's request for a change of counselor constitutes retaliation or intimidation.  Furthermore, plaintiff fails to state how Ms. Vogt's instruction to Mr. Cross that all communications, questions or other matters pertaining to mental health were to be directed to her attention, was retaliatory or intimidating.  Finally, plaintiff fails to state any duty of defendants to allow Mr. Cross to participate in chronic care appointments and the included counseling sessions.

In summary, it is unclear whether this matter is brought for Mr. Cross for his own alleged damages, or for those of his ward.  If the claim is brought for Mr. Cross, he asserts no legally recognizable duty that these defendants have purportedly violated, and further he fails to establish what relief he is seeking, or any legal authority for the proposition that he is entitled to such relief.  To the extent that the matter is brought by Mr. Cross in his capacity as guardian for Mr. Flaherty, the First Amended Complaint fails to establish any legally recognized duty that these defendants have violated, or that any such alleged violation actually caused harm to plaintiff's ward.  As such, the claims of plaintiff must be dismissed.

WHEREFORE, defendants, for the reasons set forth herein and in their Motion to Dismiss or for More Definite Statement, request this Court for its Order dismissing plaintiff's First Amended Complaint, assessing costs against plaintiff, and for such further relief as this Court deems just and appropriate under the circumstances.

/s/ Kevin J. Adrian\_\_\_\_\_
David P. Ellington     #36109MO
dellington@bjpc.com
Kevin J. Adrian        #47271MO
kadrian@bjpc.com
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
Telephone:  (314) 421-3400
Facsimile:   (314) 421-3128
*Attorneys for Defendants*

**Certificate of Service**

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following on this __15th__ day of __December__, 2011:

Christopher Cross
P.O. Box 431
St. Joseph, Missouri  64502
*Pro se plaintiff (via U.S. Mail)*

/s/ Kevin J. Adrian

9632228