```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


CHRISTOPHER CROSS, Legal Guardian, )
                                   )
                Plaintiff,         )
                                   )
        v.                         )     No.  4:11CV1544 FRB
                                   )
MHM CORRECTIONAL SERVICES, INC.,   )
et al.,                            )
                                   )
                Defendants.        )
```

### MEMORANDUM AND ORDER

Presently pending before the Court is defendants' Motion to Dismiss (Doc. #14). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Christopher Cross brings this cause of action, pro se, alleging that, as the legal guardian of Missouri state prisoner Eldon Eugene Flaherty, he has been deprived of his legal rights and responsibilities in relation to his guardianship of Mr. Flaherty through defendants' unlawful and unconstitutional conduct which has resulted in plaintiff's inability to act in the best interest of Mr. Flaherty as legally required. Plaintiff's assertions of unlawful conduct include additional allegations that defendants' actions have resulted in Mr. Flaherty being denied access to care for his serious medical needs, being denied access to legally mandated mental health counseling, being deprived of due process in his probation proceedings, and being deprived of due process in relation to the denial of his participation in the sex offender program.

Plaintiff's four-count First Amended Complaint asserts claims of deliberate indifference to employee training; deliberate indifference to serious medical/mental health needs; deliberate indifference to rights, liberties and privileges; and retaliation, intimidation, interference, and harassment.  Plaintiff brings his claims pursuant to 42 U.S.C. § 1983; the Americans With Disabilities Act, 42 U.S.C. §§ 12131, et seq.; the Rehabilitation Act, 29 U.S.C. §§ 794, et seq.; and various provisions of Missouri state law.  Plaintiff seeks monetary relief, including punitive damages, as well as declaratory and injunctive relief.

Defendants move to dismiss the First Amended Complaint and have filed a "Memorandum of Law in Support" of the motion.  Notably, however, defendants fail to provide any *legal* basis, either in their motion or memorandum, upon which they contend plaintiff's complaint is subject to dismissal.  Nor to defendants provide any citation to authority supporting such dismissal. Rule 4.01(A) of the Local Rules of this Court provides:  "Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, *including any relevant argument and citations to any authorities on which the party relies.*"  (Emphasis added.)  Although captioned as a "Memorandum of Law," no law appears in defendants' memorandum.  The memorandum is completely devoid of any legal authority, including any authority identifying the standard to be applied in determining the motion or authority establishing the defendants' right to the relief requested.  In such circumstances, it

-2-

is within the Court's authority to deny such a motion for failure to submit an adequate memorandum in support, including citation to legal authority.  Smith v. Planned Parenthood of St. Louis Region, 327 F. Supp. 2d 1016, 1021 (E.D. Mo. 2004).

"The Court's role is to impartially interpret and apply the law when parties have a dispute.  Before the dispute can be addressed, the issue must be properly framed for adjudication." McCall v. Volpe, No. 4:10CV00244 JMM, 2010 WL 2025396, at *1 (E.D. Ark. May 19, 2010).  It is not the role of the Court to assist a party in litigating their case.  Id.  The defendants here have provided no legal basis or authority upon which this Court may dismiss plaintiff's First Amended Complaint.  As such, defendants' motion to dismiss is not properly framed for adjudication.  Nor is it the role of the Court in this fee-paid, non-prisoner litigation to independently search the record to discern a basis upon which to dismiss the complaint.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss (Doc. #14) is denied without prejudice.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this  _17th_  day of September, 2012.