```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


CHRISTOPHER CROSS, Legal Guardian, )
                                   )
               Plaintiff,          )
                                   )
        v.                         )   No.  4:11CV1544 FRB
                                   )
MHM CORRECTIONAL SERVICES, INC.,   )
et al.,                            )
                                   )
               Defendants.         )
```

**MEMORANDUM AND ORDER**

Presently pending before the Court are plaintiff Christopher Cross's Motions to Recuse Kevin Adrian as Legal Counsel and to Strike All Pleadings Filed by Kevin Adrian from the Record (Doc. # 17); and to Quash Defendants' Reply to Plaintiff's Motion to Have Kevin Adrian Recused and to Strike All Pleadings Filed by Kevin Adrian (Doc. #27).  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Christopher Cross brings this cause of action, pro se, alleging that, as the legal guardian of Missouri state prisoner Eldon Eugene Flaherty, he has been deprived of his legal rights and responsibilities in relation to his guardianship of Mr. Flaherty through defendants' unlawful and unconstitutional conduct which has resulted in plaintiff's inability to act in the best interest of Mr. Flaherty as legally required.  In the instant motions to recuse and to strike, plaintiff requests that

defendants' counsel of record in this cause, Kevin Adrian, not be allowed to proceed as counsel given his direct involvement in some of the conduct alleged by plaintiff in the First Amended Complaint, as well as on account of his firsthand knowledge of many of the circumstances giving rise to the claims raised in the First Amended Complaint.  In light of such, plaintiff contends that Mr. Adrian should not be permitted to proceed as defendants' counsel inasmuch as he will be a necessary and material witness to the action. Plaintiff further contends that defendants' Answer and Motion to Dismiss, filed in this cause by Mr. Adrian, contains statements and averments that Mr. Adrian knows personally to be untrue given his direct involvement, and thus that Mr. Adrian has committed violations of Fed. R. Civ. P. 8(b) and 11 through such filings. Defendants, through counsel Kevin Adrian, have responded to the motions.

Rule 4-3.7 of the Missouri Supreme Court Rules of Professional Conduct prohibits a lawyer from acting as an advocate at trial in which the lawyer is likely to be a necessary witness.[1] One purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities — as witness and advocate.  <u>Droste v. Julien</u>, 477 F.3d 1030, 1035-36 (8th Cir. 2007).  The rule does not normally

---

[1] The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri.  E.D. Mo. L.R. 12.02.

apply to disqualify an attorney from performing pretrial activities.  Id. at 1036.  Nothing presently before the Court shows that Mr. Adrian's *pretrial* activity may reveal his dual role as lawyer and witness at trial and, as such, the motion should be denied.  The motion should be denied without prejudice, however, to be refiled in the course of these proceedings if Mr. Adrian's perceived dual role may be revealed in evidence potentially admissible at trial.  Id.; see also Williams v. Borden Chem., Inc., 501 F. Supp. 2d 1219, 1223 n.5 (S.D. Iowa 2007) (counseling against such an attorney either conducting or appearing at depositions, "there is a risk that the offer of the deposition at trial would reveal [the attorney's] dual role to the fact-finder[.]").

To the extent plaintiff argues that Mr. Adrian's filings violate Rules 8(b) and 11, Federal Rules of Civil Procedure, in that they contain known false statements given Mr. Adrian's personal knowledge of the facts otherwise, plaintiff's request to disqualify Mr. Adrian on such a basis will likewise be denied without prejudice.  To dispositively determine at this time the extent to which defendants' denials and/or admissions made in their responsive pleadings to plaintiff's First Amended Complaint are, in fact, correct and/or consistent with counsel Kevin Adrian's alleged personal knowledge of the factual averments made in the complaint would result in a mini-trial on the central issues of this cause, based solely on the pleadings presently before the Court without

the opportunity for discovery.  This the Court declines to do.  See Consolidated Doors, Inc. v. Mid-America Door Co., 120 F. Supp. 2d 759, 768 (E.D. Wis. 2000) (evidentiary record not being well-developed, court would have to conduct mini-trial in order to decide Rule 11 issue).  Cf. Borowski v. DePuy, Inc., a Div. of Boehringer Mannheim Co., 876 F.2d 1339, 1343 (7th Cir. 1989) (Cudahy, J., concurring in part, dissenting in part) (district court did not abuse its discretion by refusing to allow Rule 11 proceedings to be conducted as mini-trial); Muset v. Ishimaru, 783 F. Supp. 2d 360, 373 (E.D.N.Y. 2011) (Rule 11 does not require attorneys to conduct mini-trials before setting forth their conclusions).

    Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Christopher Cross's Motions to Recuse Kevin Adrian as Legal Counsel  and to Strike All Pleadings Filed by Kevin Adrian from the Record (Doc. # 17); and to Quash Defendants' Reply to Plaintiff's Motion to Have Kevin Adrian Recused and to Strike All Pleadings Filed by Kevin Adrian (Doc. #27) are denied without prejudice.

*/s/ Frederick R. Buckles*

_____
UNITED STATES MAGISTRATE JUDGE


Dated this  _17th_  day of September, 2012.