UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CROSS, in His Capacity as Legal Guardian of ELDON FLAHERTY, and CHRISTOPHER CROSS, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:11CV1544 TIA |
| MHM CORRECTIONAL SERVICES, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on several motions by Plaintiff for leave to file a Fourth Amended Complaint (ECF Nos. 74, 93, 102). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

Plaintiffs originally filed this action *pro se* under 42 U.S.C. § 1983 on September 6, 2011. (Pls.' Compl., ECF No. 1) Plaintiffs then filed a *pro se* Amended Complaint on November 7, 2011, a *pro se* Second Amended Complaint on September 18, 2012, and a Third Amended Complaint through court appointed counsel on June 20, 2013. (ECF Nos. 3, 40, 58)

In the Third Amended Complaint, Plaintiffs allege that Eldon Flaherty, who is incarcerated at the Potosi Correctional Center, had previously been adjudicated as totally incapacitated and disabled. (Third Am. Compl. ¶ 5, ECF No. 58) Plaintiff Christopher Cross is the duly-appointment Guardian of Mr. Flaherty. (Id. at ¶ 6) Plaintiffs assert that the named Defendants MHM Correctional Services, Inc. ("MHM"), MHM CEO Michael Pinkert, MHM COO Steven

Wheeler, psychiatrist Dr. Jones, psychiatrist Dr. Reddy, Director of the Missouri Sexual Offender Program Julie Motley, Regional Administrator Mary LeAnn Vogt, counselor Jennifer Diane Kearns, Director of the Missouri Department of Corrections ("MDOC") George Lombardi, General Counsel of MDOC Matthew Briesacher, Director of Offender of Rehabilitation Services Matthew Sturm, and Chair, Division of Probation & Parole Ellis McSwain, Jr., acted individually and in concert to deprive Plaintiffs of their Constitutional rights. (Id. at ¶¶ 1, 7-19) Specifically, Plaintiffs allege that Defendants MHM, Pinkert, Wheeler, Dr. Jones, Dr. Reddy, Motley, Vogt, and Kearns operated under a contract with MDOC to provide prison mental health, psychiatric, and pharmaceutical services and that, despite Mr. Flaherty's diagnosed severe, mental impairments, failed to provide a proper sex offender evaluation and diagnosis, which resulted in incarceration instead of probation. (Id. at ¶¶ 22-35) Further, Plaintiffs contend that Defendants MHM, Wheeler, and Pinkert acted with deliberate indifference to Mr. Flaherty's serious medical/mental health needs by failing to insure that all MHM employees were properly trained and supervised. (Id. at ¶¶ 36-38) With regard to the treating psychiatrists, Plaintiffs assert that they showed deliberate indifference by failing or refusing to prescribe to Mr. Flaherty deferment from the Missouri Sexual Offender Program ("MOSOP"), a prerequisite to release prior to an inmate's sentence completion date, and restricted Mr. Cross' ability to assist Mr. Flaherty. (Id. at 25, 42-51)

Plaintiffs further assert that Defendants Kearns and Vogt failed to provide individual counseling to Mr. Flaherty and prevented Mr. Cross from discharging his duties and exercising his authority as Mr. Flahery's guardian. (Id. at ¶¶ 52-72) Additionally, Plaintiffs allege that the Defendants subjected Plaintiffs to cruel and unusual punishment by failing to adhere to the

MOSOP regulations and failing to allow Plaintiff Cross to file grievances. (Id. at ¶¶ 73-80) Plaintiffs also allege violations of their rights to Equal Protection, Procedural Due Process, and Substantive Due Process pertaining to the MOSOP program, Mr. Flaherty's medical treatment, and Mr. Flaherty's eligibility for parole. (Id. at ¶¶ 81-88) As a result of these allegations, Plaintiffs contend that Defendants have deprived them of their rights under the United States Constitution (Count I), the Missouri Constitution (Count II), and the Americans with Disabilities Act (Count III). Plaintiffs request monetary relief, as well as Declaratory Judgment (Count IV) and Injunctive Relief (Counts V and VI) enjoining Defendants from enforcing and applying to Plaintiffs the MOSOP program and requiring Defendants to allow Mr. Cross to participate in all aspects of Mr. Flaherty's treatment and administrative matters. (Id. at ¶¶ 89-143)

Subsequent to the filing of the Third Amended Complaint, Plaintiffs' court appointed attorney filed a motion to withdraw under seal, and United States Magistrate Judge Frederick R. Buckles granted the motion on September 17, 2013. (Order, ECF No. 88) While the motion to withdraw was pending, however, Plaintiffs filed a *pro se* Motion for Leave to File a Fourth Amended Complaint on August 30, 2013 and a Motion to Recuse Judge Buckles on September 12, 2013. (ECF Nos. 74, 86) Judge Buckles denied the motion to recuse but ordered that the Clerk of the Court randomly reassign the cause of action to another judge. (ECF Nos. 89, 90) Since September 17, 2013, Plaintiffs have filed an Amended Motion for Leave to File a Fourth Amended Complaint, a Motion for Court to Issue Rulings, and a Second Amended Motion for Leave to File a Fourth Amended Complaint. (ECF Nos. 93, 98, 102) Defendants have filed memoranda in opposition to these motions. For the foregoing reasons, Plaintiffs' motions to file a Fourth Amended Complaint will be denied.

**Discussion**

Plaintiffs assert that the Court should allow them to file a 116-page Fourth Amended Complaint adding several new Defendants, including his former court-appointed counsel, and several new claims. Plaintiffs maintain that justice requires that the Court grant leave to file the amended complaint based on court-appointed counsel's conduct during representation. Defendants, on the other hand, argue that the Court should deny the motions for leave to amend because the Fourth Amended Complaint involves new theories of recovery and imposes additional discovery requirements, which would cause undue burden on the Defendants.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiffs assert that the Fourth Amended Complaint corrects defects contained in the Third Amended Complaint and adds Defendants and claims that have arisen since filing the Third Amended Complaint. Defendants contend that the proposed Fourth Amended Complaint causes undue burden and delay on the Defendants because the proposed amended complaint adds new, unrelated claims and adds new Defendants. Defendants maintain that these new claims would impose additional discovery requirements and further delay this case. Further, Defendants assert that the motion is beyond the June 14, 2013 deadline for filing motions for joinder of additional parties or amendment of pleadings set forth in the Case Management Order.

"A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). When deciding whether to grant leave to amend a complaint, courts consider: "(1) whether the motion was filed

in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile." Scott v. Buray Energy Int'l, LLC, No. 4:12-CV-150 CAS, 2012 WL 6726389, at *1 (E.D. Mo. Dec. 27, 2012) (citations omitted). A delay in seeking leave to amend, alone, is insufficient justification for denying leave. Caimi v. Daimlerchrysler Corp., No. 4:07-CV-1681 CAS, 2008 WL 619220, at *1 (E.D. Mo. March 3, 2008). The nonmoving party must also demonstrate prejudice, which courts weigh against the prejudice to the moving party by not allowing amendment. Id. (citation omitted). Courts typically grant leave where the requested amendments are based on facts similar to the original complaint. Id. (citation omitted). However, "when late-tendered amendments involve new theories of recovery and imposed additional discovery requirements, courts are less likely to find an abuse of discretion where leave is denied due to the prejudice involved to the non-moving party." Id. (citation omitted).

Here, Defendants argue that allowing Plaintiffs to file a Fourth Amended Complaint, at this late date, would cause undue prejudice to the Defendants. Specifically, Defendants contend that amended complaint sets forth new parties, contains new, unrelated claims, and imposes additional discovery requirements. Plaintiffs, on the other hand, argue that court-appointed counsel's alleged "malpractice" necessitated filing an amended complaint.

The Court finds that granting leave to file the fourth amended complaint is not warranted. First, the Case Management Order, dated May 2, 2013, set forth the date for motions for joinder of additional parties or amendment of pleadings as June 14, 2013. (Case Management Order 1, ECF No. 52) Plaintiffs did not seek leave to file the amended complaint until August 30, 2013,

<mark>5</mark>

well after the deadline had passed. Further, Plaintiffs acknowledge that they seek leave to add claims against court-appointed counsel and adds new parties and claims that arose after filing the Third Amended Complaint. Plaintiffs do not demonstrate any nexus between the original claims and the new claims and parties. Additionally, the allegations against court-appointed counsel are unrelated to Plaintiffs' § 1983 claims against prison officials and mental health providers. Finally, the Court notes that, under the CMO, several discovery deadlines have already passed, and several more are only a couple months away. To essentially start the case over, which has been pending for over two years and already has been amended several times, would cause further delay and burden Defendants with additional responsive pleading and discovery requirements. See Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., No. 4:03-CV-1480 CAS, 2006 WL 4899925, at *2 (E.D. Mo. Aug. 17, 2006) (denying motion to file fifth amended complaint where defendants would suffer undue prejudice based on the necessity of additional discovery). Further, Plaintiffs are not prejudiced, as they can bring these new claims against the appropriate defendants in a separate action. Lomack v. McKinney, No. 4:09cv0557 TCM, 2010 WL 2553675, at *2 (E.D. Mo. June 23, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave of Court for Plaintiff to File his Fourth Amended Complaint (ECF No. 74) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Motion for Leave to File a Fourth Amended Complaint (ECF No. 93) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Second Amended Motion for Leave to File his Fourth Amended Complaint or in the Alternative, to Quash the Third Amended Complaint, and Strike it from the Record and Grant Plaintiff Leave to Refile (ECF No. 102) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Court to Issue Rulings (ECF No. 98) is **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that, although Plaintiffs are proceeding *pro se*, they are bound by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Missouri.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  30th  day of January, 2014.