UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CROSS, in His Capacity as | ) | |
| Legal Guardian of ELDON FLAHERTY, and | ) | |
| CHRISTOPHER CROSS, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  4:11CV1544 TIA |
| | ) | |
| MHM CORRECTIONAL SERVICES, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants George

Lombardi, Matthew Briesacher, Matthew Strum, and Ellis McSwain, Jr. (ECF No. 69).  The

parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

Plaintiffs originally filed this action *pro se* under 42 U.S.C. § 1983 on September 6, 2011.

(Pls.' Compl., ECF No. 1) Plaintiffs then filed a *pro se* Amended Complaint on November 7,

2011, a *pro se* Second Amended Complaint on September 18, 2012, and a Third Amended

Complaint through court appointed counsel on June 20, 2013.  (ECF Nos. 3, 40, 58)

In the Third Amended Complaint, Plaintiffs allege that Eldon Flaherty, who is incarcerated

at the Potosi Correctional Center, had previously been adjudicated as totally incapacitated and

disabled.  (Third Am. Compl. ¶ 5, ECF No. 58)  Plaintiff Christopher Cross is the duly-

appointment Guardian of Mr. Flaherty.  (Id. at ¶ 6)  Plaintiffs assert that the named Defendants

MHM Correctional Services, Inc. ("MHM"), MHM CEO Michael Pinkert, MHM COO Steven

Wheeler, psychiatrist Dr. Jones, psychiatrist Dr. Reddy, Director of the Missouri Sexual Offender

Program Julie Motley, Regional Administrator Mary LeAnn Vogt, counselor Jennifer Diane

Kearns, Director of the Missouri Department of Corrections ("MDOC") George Lombardi,

General Counsel of MDOC Matthew Briesacher, Director of Offender of Rehabilitation Services

Matthew Strum, and Chair, Division of Probation & Parole Ellis McSwain, Jr., acted individually

and in concert to deprive Plaintiffs of their Constitutional rights.  (Id. at ¶¶ 1, 7-19)  Specifically,

Plaintiffs allege that Defendants MHM, Pinkert, Wheeler, Dr. Jones, Dr. Reddy, Motley, Vogt,

and Kearns operated under a contract with MDOC to provide prison mental health, psychiatric,

and pharmaceutical services and that, despite Mr. Flaherty's diagnosed severe, mental

impairments, failed to provide a proper sex offender evaluation and diagnosis, which resulted in

incarceration instead of probation.  (Id. at ¶¶ 22-35)   Further, Plaintiffs contend that Defendants

MHM, Wheeler, and Pinkert acted with deliberate indifference to Mr. Flaherty's serious

medical/mental health needs by failing to insure that all MHM employees were properly trained

and supervised.  (Id. at  ¶¶ 36-38)   With regard to the treating psychiatrists, Plaintiffs assert that

they showed deliberate indifference by failing or refusing to prescribe to Mr. Flaherty deferment

from the Missouri Sexual Offender Program ("MOSOP"), a prerequisite to release prior to an

inmate's sentence completion date, and restricted Mr. Cross' ability to assist Mr. Flaherty.  (Id. at

25, 42-51)

Plaintiffs further assert that Defendants Kearns and Vogt failed to provide individual

counseling to Mr. Flaherty and prevented Mr. Cross from discharging his duties and exercising his

authority as Mr. Flahery's guardian.  (Id. at ¶¶ 52-72)   Additionally, Plaintiffs allege that the

Defendants subjected Plaintiffs to cruel and unusual punishment by failing to adhere to the

MOSOP regulations and failing to allow Plaintiff Cross to file grievances.  (Id. at ¶¶ 73-80)
Plaintiffs also allege violations of their rights to Equal Protection, Procedural Due Process, and
Substantive Due Process pertaining to the MOSOP program, Mr. Flaherty's medical treatment,
and Mr. Flaherty's eligibility for parole.  (Id. at  ¶¶ 81-88)   As a result of these allegations,
Plaintiffs contend that Defendants have deprived them of their rights under the United States
Constitution (Count I), the Missouri Constitution (Count II), and the Americans with Disabilities
Act (Count III).  Plaintiffs request monetary relief, as well as Declaratory Judgment (Count IV)
and Injunctive Relief (Counts V and VI) enjoining Defendants from enforcing and applying to
Plaintiffs the MOSOP program and requiring Defendants to allow Mr. Cross to participate in all
aspects of Mr. Flaherty's treatment and administrative matters.  (Id. at  ¶¶ 89-143)

On August 23, 2013, Defendants George Lombardi, Matthew Briesacher, Matthew
Strum, and Ellis McSwain, Jr. filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), asserting
that Plaintiffs have failed to allege sufficient facts to support either claims under 42 U.S.C. §
1983, the Missouri Constitution, or the Americans with Disabilities Act ("ADA").  Further,
Defendants, who are named in their official capacities, claim that they are immune from Plaintiff's
claims for damages.  Finally, Defendants contend that Plaintiff has failed to plead any facts
demonstrating that they are entitled to declaratory judgment or injunctive relief.  Plaintiffs
maintain that they have stated a claim under § 1983, the Missouri Constitution, and the ADA.

### Standard for Ruling on a Motion to Dismiss

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim
upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to
relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)

(abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, ___ U.S. ___ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

4

**<u>Discussion</u>**

Upon review of the Defendants' Motion to Dismiss and related memoranda, the undersigned finds that dismissal is not appropriate at this time.  At the motion to dismiss stage, the only issue before the Court is whether the pleadings state a cause of action that is plausible on its face.  The Court may not look outside the pleadings when entertaining a motion to dismiss. Here, Plaintiff states a claim for which relief can be granted based on the face of the Petition.

Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured in an action at law . . .

Plaintiffs contend that all Defendants, including those who filed the instant motion to dismiss, violated Plaintiffs' rights to due process, freedom from the infliction of cruel and unusual punishment, freedom of speech, and equal protection.  Additionally, Plaintiffs argue that Defendants have violated their rights under the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132.

The Court finds that the motion to dismiss is premature at this time.  Plaintiff has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence of his Constitutional and ADA claims, as well as his requests for declaratory and injunctive relief.  As stated above, the Court must accept all factual allegations as true.  <u>Twombly</u>, 550 U.S. at 555. Plaintiffs have alleged a plethora of facts in support of their claims.   Dismissal is not appropriate

5

simply because some doubt exists that the plaintiff will be able to prove all of the necessary factual

allegations.  Id. at 556.  Further, Plaintiffs, who are acting *pro se*, have attached an affidavit and

several exhibits further explaining the Defendants' alleged failure to allow Plaintiffs to pursue the

grievance process; failing to adhere to the MOSOP regulations; failing to train employees

regarding the role of legal guardians of adult offenders; failing to provide proper treatment to a

disabled prisoner; and failing to provide Flaherty the same benefits as other inmates due to his

disability.  (Pls.' Reply Aff. 6-18, ECF No. 75)

> Under Federal Rule of Civil Procedure 12(d):

>> If, on a motion under Rule 12(b)(6) . . . matters outside the
>> pleadings are presented to and not excluded by the court, the
>> motion must be treated as one for summary judgment under Rule
>> 56.  All parties must be given a reasonable opportunity to present
>> all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); see also McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007).

Matters outside the pleadings include "'any written or oral evidence in support of or in opposition

to the pleading that provides some substantiation for and does not merely reiterate what is said in

the pleadings.'" Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting 5C Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1366).                      Regarding

Eleventh Amendment immunity, this issue would also be better raised in a motion for summary

judgment.  See Larson v. Kempker, 414 F.3d 936, 939 (8th Cir. 2005) (addressing Eleventh

Amendment immunity argument at the summary judgment stage).  In sum, the Court finds that

dismissal is not warranted at this time and that the arguments contained in the motion and

responses thereto are better suited for a motion for summary judgment.  However, the parties are

currently conducting discovery, and motions for summary judgment are not due for several

months.  Instead of the Court converting the present motion to one for summary judgment, the

Defendants are free to refile their Motion to Dismiss, with supporting affidavits and exhibits, as a

motion for summary judgment at the appropriate time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 69) is

**DENIED.**

 /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   31st   day of March, 2014.

7