UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CROSS, in His Capacity as Legal Guardian of ELDON FLAHERTY, and CHRISTOPHER CROSS, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:11CV1544 TIA ) ) ) |
| MHM CORRECTIONAL SERVICES, INC., et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants George Lombardi, Matthew Briesacher, Matthew Strum, and Ellis McSwain, Jr.'s Motions for Summary Judgment (ECF Nos. 141 and 145). Plaintiffs did not file a responsive pleading and the time for doing so has expired. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Motions for Summary Judgment will be granted.

Plaintiffs originally filed this action *pro se* under 42 U.S.C. § 1983 on September 6, 2011. (Pls.' Compl., ECF No. 1) Plaintiffs then filed a *pro se* Amended Complaint on November 7, 2011, a *pro se* Second Amended Complaint on September 18, 2012, and a Third Amended Complaint through court appointed counsel on June 20, 2013. (ECF Nos. 3, 40, 58)

In the Third Amended Complaint, Plaintiffs allege that Eldon Flaherty, who is incarcerated at the Potosi Correctional Center, had previously been adjudicated as totally incapacitated and

disabled. (Third Am. Compl. ¶ 5, ECF No. 58). Plaintiff Christopher Cross is the duly-appointed Guardian of Mr. Flaherty. (Id. at ¶ 6). Plaintiffs assert that the named Defendants MHM Correctional Services, Inc. ("MHM"), MHM CEO Michael Pinkert, MHM COO Steven Wheeler, psychiatrist Dr. Jones, psychiatrist Dr. Reddy, Director of the Missouri Sexual Offender Program Julie Motley, Regional Administrator LeAnn Vogt, counselor Jennifer Diane Kearns, Director of the Missouri Department of Corrections ("MDOC") George Lombardi, General Counsel of MDOC Matthew Briesacher, Director of Offender of Rehabilitation Services Matthew Strum, and Chair, Division of Probation & Parole Ellis McSwain, Jr., acted individually and in concert to deprive Plaintiffs of their Constitutional rights. (Id. at ¶¶ 1, 7-19).

On June 23, 2014, Defendants George Lombardi, Matthew Briesacher, Matthew Strum, and Ellis McSwain, Jr. filed a Motion for Summary Judgment, asserting that inasmuch as they are named in their official capacities, Defendants are immune from any claims for monetary damages pursuant to § 1983. Further, Defendants contend Plaintiffs' claims for monetary damages under the Americans with Disabilities Act ("ADA") must fail. Finally, Defendants contend that Plaintiffs' claims for prospective injunctive relief must fail because Mr. Flaherty is no longer in the custody of Defendants, and Plaintiffs have failed demonstrate that they are entitled to declaratory judgment or injunctive relief.

On July 14, 2014, Defendants George Lombardi, Matthew Briesacher, Matthew Strum, and Ellis McSwain, Jr. filed a Motion for Summary Judgment, asserting that Plaintiff Christopher Cross has failed to establish a 42 U.S.C. § 1983 claim against Defendants in Count I because no actions taken by Defendants violated his rights. Further, Defendants contend Plaintiffs have failed to establish a right secured by the Missouri Constitution has been violated by Defendants. Finally,

Defendants assert that Plaintiffs have failed to establish a claim pursuant to the Americans with Disabilities Act in Count III.

**<u>Standard for Ruling on a Motion for Summary Judgment</u>**

At the outset, the undersigned notes that Plaintiffs have not offered any statement of material facts that are in dispute as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1). Local Rule 4.01(E) provides in relevant part: "The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." <u>Libel v. Adventure Lands of America, Inc.</u>, 482 F.3d 1028, 1032 (8th Cir. 2007) (internal quotation and citation omitted).

Under Local Rule 4.01(E), Defendants' Statement of Facts is deemed admitted because it was not controverted by Plaintiffs. Accordingly, Plaintiffs' failure to comply with Rule 56(c) and Local Rule 4.01(E) warrants the Court deeming admitted Defendant's Statement of Facts as uncontroverted by Plaintiffs. <u>Turner v. Shinseki</u>, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing <u>Deichmann v. Boeing Co.</u>, 36 F.Supp. 2d 1166, 1168 (E.D. Mo. 1999)), <u>aff'd</u>, 232 F.3d 907 (8th Cir. 2000), <u>cert. denied</u>, 531 U.S. 877. Plaintiffs' pro se status does not excuse them from responding to Defendants' motion "with specific factual support for [their] claims to avoid summary judgment," <u>Beck v. Skon</u>, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with Local Rule 4.01(E). <u>See</u> <u>Peterson v. Corr. Med. Servs,</u>, 2012 WL 4108908, at *1 (E.D. Mo. Sept. 18, 2012).

Nonetheless, Plaintiffs' failure to respond properly to the motion for summary judgment does not mean that summary judgment should be automatically granted in favor of Defendants. Even if the facts alleged by Defendants are not in dispute, those facts must still establish that Defendant is entitled to judgment as a matter of law. Vander v. Emerson, 2012 WL 15021, at *1 (W.D. Mo. Jan. 4, 2012).

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. "[T]he nonmovant must respond by submitting evidentiary materials that 'set out specific facts showing a genuine issue for trial.'" Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(e)(2)). The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Id., at 324. The nonmovant must "explain the legal significance of her factual allegations beyond the mere conclusory statements importing the appropriate terms of art." Quinn v. St. Louis Cnty., 653 F.3d 745, 752 (8th Cir. 2011).

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion, and give that party the benefit of any inference

that logically can be drawn from those facts. Buller v.Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477 U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

## The Undisputed Evidence before the Court on the Motion

Accordingly, the record establishes the following. Defendants George Lombardi, Matthew Briesacher, Matthew Strum, and Ellis McSwain, Jr. are state officials employed by the Missouri Department of Corrections. Eldon Flaherty, a former inmate of the Missouri Department of Corrections, was released on July 12, 2014 with no further time or supervision left to complete. Plaintiff Christopher Cross is the duly-appointed legal guardian for Mr. Flaherty.

According to the Third Amended Complaint, Mr. Flaherty had been denied a deferment from participating in the Missouri Sexual Offender Program ("MoSOP"), a program which must be completed by sexual offenders to be considered for early release.

In his affidavit, Matthew Briesacher averred that none of the Defendants have taken any action to prevent Mr. Flaherty for utilizing the grievance process. Mr. Briesacher offered to amend the grievance procedures for Mr. Flaherty to allow Mr. Cross to assist him with filing grievances.

None of the named Defendants were responsible for providing medical treatment.

Plaintiff Christopher Cross denied consent for Mr. Flaherty to participate in the Missouri Sex Offender Program ("MoSOP") in the Guardian's Order Involving Wards Participation in MoSOP dated May 18, 2011.

## Motions for Summary Judgment

### 1. Eleventh Amendment Immunity

Defendants contend that they are entitled to judgment on Plaintiffs' allegations against Defendants in their official capacities because they are immune from suit under the Eleventh Amendment. State officials sued in their official capacities are normally immune from suit in the federal courts. SDDS, Inc. v. South Dakota, 97 F.3d 1030, 1035 (8th Cir. 1996); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) ("§ 1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes); but see Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995) ("The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if she sues the

official in his personal capacity."). If the Complaint does not specifically state that is against a defendant in his "personal capacity as an individual," then the court presumes the defendant is sued only in his official capacity. Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998).

To the extent Defendants are state officials employed by the Missouri Department of Corrections sued under 42 U.S.C. § 1983 for violation of Plaintiffs' constitutional rights, they are not subject to liability for monetary damages because they are being sued only in their official capacities and the Eleventh Amendment precludes the award of monetary damages. Based upon the foregoing, the Court will enter judgment on the claims against Defendants in their official capacities.

Likewise, to the extent Plaintiffs are seeking a separate claim for damages for the invalidity of Mr. Flaherty's continued extension imprisonment, Defendants are entitled to qualified immunity on this claim. Such a claim is barred by the rule announced in Heck v. Humprhey, 512 U.S. 477 (1994) (holding that when a prisoner seeks damages under federal civil rights law for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus); see also, Edwards v. Balisok, 520 U.S. 641, 643 (1977) (§ 1983 action for damages and declaratory relief based on prison disciplinary proceedings resulting in the loss of good-time credit is barred if success would imply invalidity of punishment imposed); Portley-El v. Brill, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (under Heck, § 1983 action seeking damages for prison discipline that resulted in loss of good-time credits does not arise until inmate has successfully challenged

discipline through habeas or some other proceeding).

Plaintiffs' claim seeking monetary damages pursuant to the Americans with Disabilities Act ("ADA") fails inasmuch as the Eleventh Amendment precludes an award of monetary damages against a state official sued in his official capacity under the ADA. See Randolph v. Rodgers, 253 F.3d 342, 345 (8th Cir. 2001). Defendants are state officials employed by the Missouri Department of Corrections and to the extent Plaintiffs' Complaint seeks monetary damages, such claim is barred by the Eleventh Amendment.

"Ex parte Young, [209 U.S. 123 (1908)] and its progeny teach that a private party may seek prospective injunctive relief in federal court against a state official, even if the state is otherwise protected by 'suits may be brought in federal court against state officials in their official capacities for prospective injunctive relief to prevent future violations of federal law.'" In re SDDS, 97 F.3d at 1035) (quoting Fond du Lac Band of Chippewa Indians v. Carlson, 68 F.3d 253, 255 (8th Cir. 1995)). The Ex Parte Young exception to the Eleventh Amendment immunity is limited to prospective injunctive relief on the basis of federal law. Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 447 (8th Cir. 1995) ("'[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that Young ... [is] applicable in a suit against state officials on the basis of state law.'") (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Ex Parte Young doctrine "does not permit judgments against state officers declaring that they violated federal law in the past."). Further limiting Plaintiffs'

claims is his release his incarceration with the Department of Corrections, making his claims for injunctive relief related to applying the procedures and requirements of the Missouri Sex Offender Program to Mr. Flaherty and his communications regarding matters involving conduct violations, grievances, medical and mental health assessments, and treatment moot. Owens v. Isaac, 487 F.3d 561, 564 (8th Cir. 2007).

**2. § 1983 Claims**

Defendants contend that Plaintiffs have failed to establish a claim under 42 U.S.C. § 1983 against them inasmuch as no actions personally taken by Defendants violated Plaintiffs' rights.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where Plaintiff fails to allege that Defendant was personally involved in or directly responsible for the incidents that injured Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

### A. Grievance Process

The record shows that none of the Defendants have taken any action to prevent Mr. Flaherty from using the grievance process. Indeed, an offer had been made to modify the standard procedures with respect to the filing of grievances on behalf of Mr. Flaherty, but this proposal did not prevent his ability to file grievances.

### B. MoSOP

To the extent Plaintiffs' challenge the constitutionality of MoSOP,[1] their claim fails. See Guerra v. Pub. Safety Concepts, 2007 WL 628431, at *2 (E.D.Mo. 2007); Gale v. Moore, 763 F.2d 341, 343-44 (8th Cir. 1985) (no equal protection violation arises from legislative classifications regarding parole eligibility); Patterson v. Webster, 760 F.Supp. 150, 153 (E.D.Mo. 1991) (denying challenges to constitutionality of MoSOP based on equal protection, and failure to adequately staff program). Plaintiffs' due process claims fail as Missouri inmates do not have a liberty interest in conditional release, Watson v. Clover, 102 F. App'x 519, 519 (8th Cir. 2004); Weston v. Denney, 2014 WL 9888802, at *1 (W.D.Mo. March 13, 2014), or in good time credit or their time release date, Walter v. Prudden, 2011 WL 1979606, at *1-2 (May 20, 2011) (explaining that good time credits merely entitles inmates to consideration of administrative parole; great discretion awarded to the Missouri Board of Probation & Parole).

**C. Failure to Train**

To establish a claim for failure to train, a plaintiff must prove that 1) the training practices were inadequate; 2) the defendant was deliberately indifferent to the constitutional rights of others in adopting the training practices, such that the failure to train reflects a deliberate or conscious choice by the defendant; and 3) the alleged deficiency actually caused harm. Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010). "'In other words, [Plaintiff] must demonstrate that [Defendants] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights.'" Id. at 998 (quoting Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

Plaintiffs have failed to establish any deficiency in training that would likely result in the

---

[1] Missouri law requires convicted sex offenders to complete MoSOP, a rehabilitative treatment program, before they may be considered for conditional release. R.S.Mo § 589.040.2; see also State ex rel. Nixon v. Pennoyer, 39 S.W.3d 521, 522 & n.2 (Mo.Ct.App. 2001).

violation of a constitutional right.

### D. Failure to Provide Medical Treatment

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). "'Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation.'" Id. (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Defendants are not responsible for providing medical treatment to Mr. Flaherty. "Liability under § 1983 requires a casual link to, and direct responsibility for, the alleged deprivation of rights." Madewell, 909 F.2d at 1208. As such, Defendants are entitled to summary judgment.

### 3. Qualified Immunity

Defendants also assert that Plaintiffs' claims for damages under § 1983 are barred by qualified immunity. "Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Nelson v. Corr. Med. Servs., 583 F.3d 522, 527 (8th Cir. 2009) (citing Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quotation omitted). In analyzing the officials' claim of qualified immunity, courts consider two questions: (1) whether the facts that a plaintiff has alleged or shown, when viewed in the light most favorable to Plaintiff, support a finding that the conduct of Defendants violated a constitutional right, and (2) whether

that constitutional right was "clearly established" such that a reasonable official would have known that his or her actions were unlawful. Nelson, 583 F.3d at 528 (citing Pearson v. Callahan, 129 SCt 808, 815-16 (2009)). "'To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the depravation.'" McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (quoting Howard v. Kansas City Police Dep't., 570 F.3d 984, 988 (8th Cir. 2009)).

Government officials are entitled to qualified immunity, shielding them from liability, "unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known." Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Defendants are entitled to qualified immunity because Plaintiffs have failed to demonstrate a violation of a constitutional right.

**4. ADA Claims**

Plaintiffs allege that Defendants violated his rights under Title II of the ADA because he was not provided the same benefits ast other inmates due to his disability. Specifically, Plaintiffs contend Mr. Flaherty was not eligible for consideration for parole duet to his disability, and he was unable to participate in MoSOP.

Title II of the ADA applies to inmates in state prisons. See Penn. Dep't of Corrs. v. Yeskey, 524 U.S. 206, 209-11 (1998). "To state a prima facie claim under [Title II of] the ADA, a Plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination

based upon disability." Randolph, 170 F.3d at 858; see 42 U.S.C. § 12132.

The unrefuted record shows that Mr. Flaherty did not participate in MOSOP because Plaintiff barred him from participating. Likewise, the evidence does not show Mr. Flaherty had been denied any benefit due to any disability.

The basis for Plaintiffs' ADA claim is that Mr. Flaherty was denied the opportunity to participate in MoSOP. The Eighth Circuit Court of Appeals had held that inmates do not have a liberty interest in participating in MoSOP. Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993). As a result, the Fourteenth Amendment was not violated.

For the above reasons, the Court finds Defendants are entitled to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Defendants George Lombardi, Matthew Briesacher, Matthew Strum, and Ellis McSwain, Jr.'s Motions for Summary Judgment (ECF Nos. 141 and 145) are GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings (ECF No. 115) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiffs' Pro Se Motions for Court Orders (ECF No. 117), to Strike (ECF No. 133), and st Strike (ECF No. 138) are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Case (ECF No. 149) is DENIED AS MOOT.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 10th day of October, 2014.

                                          /s/Terry I. Adelman
                                 UNITED STATES MAGISTRATE JUDGE