UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CROSS, in His Capacity as Legal Guardian of ELDON FLAHERTY, and CHRISTOPHER CROSS, Individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:11CV1544 TIA ) |
| MHM CORRECTIONAL SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants MHM Correctional Services, Inc., Michael Pinkert, Steven Wheeler, Dr. Scotty Jones, Dr. Reddy, Julie Motley, Le Ann Vogt,[1] and Jennifer Kearns' Motion for Summary Judgment (ECF No. 143). Plaintiffs did not file a responsive pleading and the time for doing so has expired.[2] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Motions for Summary Judgment will be granted.

### **Background**

Plaintiffs originally filed this action *pro se* under 42 U.S.C. § 1983 on September 6, 2011.

---

[1]The Court notes that in the Third Amended Complaint and Defendants' pleadings, Defendant Vogt is identified as Le Ann Mary Vogt but in her affidavit she notes her name to be Le Ann Vogt. For purposes of this action, the Court will refer to the defendant as Le Ann Vogt based on the signature in her affidavit.

[2]On September 5, 2014, the Court directed Plaintiffs to show cause, in writing and no later than September 19, 2014, why they have failed to file responses to the Defendants' Motion for Summary Judgment. (ECF No. 143). A review of the record shows Plaintiffs failed to comply with the Order.

(Pls.' Compl., ECF No. 1) Plaintiffs then filed a *pro se* Amended Complaint on November 7, 2011, a *pro se* Second Amended Complaint on September 18, 2012, and a Third Amended Complaint through court appointed counsel on June 20, 2013. (ECF Nos. 3, 40, 58)

In the Third Amended Complaint, Plaintiffs allege that Eldon Flaherty ("Flaherty"), who is incarcerated at the Potosi Correctional Center, had previously been adjudicated as totally incapacitated and disabled. (Third Am. Compl. ¶ 5, ECF No. 58) Plaintiff Christopher Cross ("Cross") is the duly-appointment Guardian of Mr. Flaherty. (Id. at ¶ 6) Plaintiffs assert that the named Defendants MHM Correctional Services, Inc. ("MHM"), MHM CEO Michael Pinkert, MHM COO Steven Wheeler, psychiatrist Dr. Jones, psychiatrist Dr. Reddy, Director of the Missouri Sexual Offender Program, Julie Motley, licensed clinical social Le Ann Vogt, counselor Jennifer Diane Kearns, Director of the Missouri Department of Corrections ("MDOC") George Lombardi, General Counsel of MDOC Matthew Briesacher, Director of Offender of Rehabilitation Services Matthew Strum, and Chair, Division of Probation & Parole Ellis McSwain, Jr., acted individually and in concert to deprive Plaintiffs of their Constitutional rights. (Id. at ¶¶ 1, 7-19) Specifically, Plaintiffs allege that Defendants MHM, Pinkert, Wheeler, Dr. Jones, Dr. Reddy, Motley, Vogt, and Kearns operated under a contract with MDOC to provide prison mental health, psychiatric, and pharmaceutical services and that, despite Flaherty's diagnosed severe, mental impairments, failed to provide a proper sex offender evaluation and diagnosis, which resulted in incarceration instead of probation. (Id. at ¶¶ 22-35) Further, Plaintiffs contend that Defendants MHM, Wheeler, and Pinkert acted with deliberate indifference to Flaherty's serious medical/mental health needs by failing to insure that all MHM employees were properly trained and supervised. (Id. at ¶¶ 36-38) With regard to the treating

psychiatrists, Plaintiffs assert that they showed deliberate indifference by failing or refusing to prescribe to Flaherty deferment from the Missouri Sexual Offender Program ("MoSOP"), a prerequisite to release prior to an inmate's sentence completion date, and restricted Cross' ability to assist Flaherty. (Id. at 25, 42-51)

Plaintiffs further assert that Defendants Kearns and Vogt failed to provide individual counseling to Flaherty and prevented Cross from discharging his duties and exercising his authority as Flahery's guardian. (Id. at ¶¶ 52-72) Additionally, Plaintiffs allege that the Defendants subjected Plaintiffs to cruel and unusual punishment by failing to adhere to the MoSOP regulations and failing to allow Cross to file grievances. (Id. at ¶¶ 73-80) Plaintiffs also allege violations of their rights to Equal Protection, Procedural Due Process, and Substantive Due Process pertaining to the MoSOP program, Flaherty's medical treatment, and Flaherty's eligibility for parole. (Id. at ¶¶ 81-88) As a result of these allegations, Plaintiffs contend that Defendants have deprived them of their rights under the United States Constitution (Count I), the Missouri Constitution (Count II), and the Americans with Disabilities Act (Count III). Plaintiffs request monetary relief, as well as Declaratory Judgment (Count IV) and Injunctive Relief (Counts V and VI) enjoining Defendants from enforcing and applying to Plaintiffs the MoSOP program and requiring Defendants to allow Mr. Cross to participate in all aspects of Flaherty's treatment and administrative matters. (Id. at ¶¶ 89-143)

On July 14, 2014, Defendants MHM Correctional Services, Inc., Michael Pinkert, Steven Wheeler, Dr. Scotty Jones, Dr. Reddy, Julie Motley, Le Ann Vogt, and Jennifer Kearns' Motion for Summary Judgment, asserting that they are entitled to summary judgment as a matter of law inasmuch as Plaintiffs fail to show deliberate indifference to a serious medical need and a denial of

their constitutional rights. Further, Defendants contend Plaintiffs fail to show that the MoSOP violates the United States or Missouri Constitution.

## Standard for Ruling on a Motion for Summary Judgment

At the outset, the undersigned notes that Plaintiffs have not offered any statement of material facts that are in dispute as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1). Local Rule 4.01(E) provides in relevant part: "The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." Libel v. Adventure Lands of America, Inc., 482 F.3d 1028, 1032 (8th Cir. 2007) (internal quotation and citation omitted).

Under Local Rule 4.01(E), Defendants' Statement of Facts is deemed admitted because it was not controverted by Plaintiffs. Accordingly, Plaintiffs' failure to comply with Rule 56(c) and Local Rule 4.01(E) warrants the Court deeming admitted Defendant's Statement of Facts as uncontroverted by Plaintiffs. Turner v. Shinseki, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F.Supp. 2d 1166, 1168 (E.D. Mo. 1999)), aff'd, 232 F.3d 907 (8th Cir. 2000), cert. denied, 531 U.S. 877. Plaintiffs' pro se status does not excuse them from responding to Defendants' motion "with specific factual support for [their] claims to avoid summary judgment," Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001), or from complying with Local Rule 4.01(E). See Peterson v. Corr. Med. Servs,, 2012 WL 4108908, at *1 (E.D. Mo. Sept. 18, 2012).

Nonetheless, Plaintiffs' failure to respond properly to the motion for summary judgment does not mean that summary judgment should be automatically granted in favor of Defendants. Even if the facts alleged by Defendants are not in dispute, those facts must still establish that Defendant is entitled to judgment as a matter of law. Vander v. Emerson, 2012 WL 15021, at *1 (W.D. Mo. Jan. 4, 2012).

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. "[T]he nonmovant must respond by submitting evidentiary materials that 'set out specific facts showing a genuine issue for trial.'" Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(e)(2)). The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Id., at 324. The nonmovant must "explain the legal significance of her factual allegations beyond the mere conclusory statements importing the appropriate terms of art." Quinn v. St. Louis Cnty., 653 F.3d 745, 752 (8th Cir. 2011).

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion, and give that party the benefit of any inference

that logically can be drawn from those facts. Buller v.Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477 U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

**The Undisputed Evidence before the Court on the Motion**

Accordingly, the record establishes the following. Defendants are MHM Correctional Services, Inc. ("MHM"), MHM CEO Michael Pinkert, MHM COO Steven Wheeler, psychiatrist Dr. Jones, psychiatrist Dr. Reddy, Director of the MoSOP Julie Motley, licensed clinical social worker Le Ann Vogt, and counselor Jennifer Diane Kearns. Plaintiff Flaherty, a former inmate of the Missouri Department of Corrections, was released on July 12, 2014. On December 16,2009,

the Circuit Court of Buchanan County, Probate Division, appointed Plaintiff Cross is the duly-appointed legal guardian for Flaherty.

The MoSOP Special Needs Treatment Manual ("Manual") provided to prospective participants in the MoSOP gives examples of how the Sexual Victim Disclosure should be done, and sets forth the fashion in which prior victims should be identified in general terms. MoSOP staff are provided with an Employee Operation Manual. The operation manual specifically states that Offenders should avoid giving details relating to others' specific identity, time, place or other such critical information that would require staff to report the offense.

In her affidavit, Ms. Motley, a licensed professional counselor and the Director of MoSOP, averred that participants in MoSOP must accept responsibility for their prior sexual offenses, as there are treatment goals associated with these requirements such as the admission of sexual deviant behaviors is required to overcome any issues of denial and to help offenders take responsibility for their sexual offending behaviors. Ms. Motely averred that if an offender is unwilling to accept that they have acted inappropriately with regard to their sexual offending behaviors, MoSOP treatment serves little if no purpose, as the offender would not have learned methods to control and prevent future sexual offending behaviors. There is no requirement that participants specify full names or other identifying information of past victims because this might cause the MoSOP participant to incriminate himself to further prosecution. The participants only need to admit to sexual offenses for which they have plead guilty or been convicted. Although the participants may need to discuss prior allegations of sexual offenses of which they were accused, they do not need to confess or admit to such offenses.

Cross, on behalf of his ward, refused to allow Flaherty to participate in MoSOP. Cross

denied consent for Flaherty to participate in the Missouri Sex Offender Program ("MoSOP") in the Guardian's Order Involving Wards Participation in MoSOP dated May 18, 2011. Cross terminated group therapy sessions for Flaherty in January 2011 and on occasion, he terminated individual counseling sessions.

Ms. Motley further averred that when Cross denied consent for Flaherty to participate in MoSOP, Dr. Greg Markway, an employee of the Department of Corrections, advised the MoSOP treatment team that the issue of a refusal hearing would be addressed by the attorney for the Department of Corrections.

Ms. Motley further averred that Defendant MHM has no authority to override the actions of the Department of Corrections, and the job of MHM counselors is to complete a series of assessments of the inmate's psychiatric status, and write a report assessing whether the inmate should be eligible for release and continued treatment outside the prison system. The purpose of the assessment is to determine the inmate's current psychiatric status and his likelihood for recidivism if allowed to obtain treatment outside of prison. In Flaherty's case, the recommendation was against allowing parole for community treatment based on the testing results.

Ms. Motley further averred that she is not aware of any request by Cross for a mental health examination for possible mental health deferment prior to his refusal of MoSOP for Flaherty. In the months preceding Flaherty's suggested start date for MoSOP, he did not have a mental health score of four, and offenders who have a mental health score of less than four are generally not evaluated for a mental health deferment prior to enrollment in MoSOP, as a mental health score of less than four means that an offender is capable of completing MoSOP from a

mental health perspective.

Dr. Jones' treating relationship ended when he cut back his hours so Dr. Jones would not be able to see Flaherty on his assigned date of treatment.

Dr. Reddy explained to Cross and noted in his treatment records that there were no memory improvement medications appropriate to treat Flaherty. When Dr. Reddy first treated Flaherty, Cross had already refused to consent for Flaherty to participate in MoSOP.

In her affidavit, Ms. Vogt averred that Cross was provided records of every chronic care appointment via email, and he was allowed to comment and make suggestions regarding treatment. All treatment plans for Flaherty were submitted to Cross for his approval. Because Cross had previously requested that other mental health professionals be removed from Flaherty's care, and there were no other counselors available where Flaherty was incarcerated, she was the only counselor left for Flaherty. In response to Cross' objections, MHM requested a counselor from a different location travel to see Flaherty.

## **Motion for Summary Judgment**

The Court has considered only allegations of specific unconstitutional conduct by movants in determining whether summary judgment is appropriate.

### **1. MoSOP**

In the Third Amended Complaint, Plaintiffs asserted that numerous aspects of the MoSOP treatment model violated Flaherty's constitutional rights. More specifically, Plaintiffs contend that completion of MoSOP requires an admission of guilt by offenders.

Missouri law requires convicted sex offenders to complete MoSOP, a rehabilitative treatment program MDOC created pursuant to Missouri Revised Statute § 589.040, before they

may be considered for conditional release. Mo.Rev.Stat. § 589.040.2; see also State ex rel. Nixon v. Pennoyer, 39 S.W.3d 521, 522 & n.2 (Mo.Ct.App. 2001).  The statute directs MDOC to develop a rehabilitation program for sex offenders, and since 1990 requires that all persons imprisoned for sexual assault offenses "successfully complete" the program "prior to being eligible for parole or conditional release."  The statutory goal of the program is to prevent future sexual assaults by the program's participants.  Mo.Rev.Stat. § 589.040.2.

Pursuant to MDOC Policy D5-4.1, MoSOP consists of two mandatory phases. "Successful completion of Phase I is dependent upon the offender's acknowledgment and admittance of their [*sic*] sexual offense and a willingness to work toward personal change"; and an offender who is involved in an appeal process challenging his conviction "will be viewed as not accepting responsibility" and "will not be allowed to graduate from Phase I."  In McKune v. Lile, 536 U.S. 24 (2002), the United States Supreme Court held that the Fifth Amendment's Self Incrimination Clause was not violated when participation in a treatment program for incarcerated sex offenders required a confession of committed crimes, where the consequence for not participating was transfer to a higher-security prison, because such consequence was not severe enough to constitute compulsion as it was not an atypical or significant hardship of imprisonment. The Supreme Court further held that

> [a] prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not violate the privilege against self-incrimination if the adverse consequence an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life.

Id. at 38-39.

The record shows that there is no requirement that a participant specify full names or

other identifying information of past victims such as to cause the MoSOP participant to incriminate himself for further prosecution. Participants only need to admit to sexual offenses for which they have plead guilty or been convicted.

To the extent Plaintiffs' challenge the constitutionality of MoSOP, their claims fail. See Guerra v. Pub. Safety Concepts, 2007 WL 628431, at *2 (E.D.Mo. 2007). "[MoSOP's] goal of preventing sex crimes through rehabilitation and deterrence apparently constitutes a rational basis and justifies the classification which may have been given thereunder."). Gale v. Moore, 763 F.2d 341, 343-44 (8th Cir. 1985) (no equal protection violation arises from legislative classifications regarding parole eligibility); Patterson v. Webster, 760 F.Supp. 150, 153 (E.D.Mo. 1991) (denying challenges to constitutionality of MoSOP based on equal protection, and failure to adequately staff program). Plaintiffs' due process claims fail as Missouri inmates do not have a liberty interest in conditional release, Watson v. Clover, 102 F. App'x 519, 519 (8th Cir. 2004); Weston v. Denney, 2014 WL 9888802, at *1 (W.D.Mo. March 13, 2014), or in good time credit or their time release date, Walter v. Prudden, 2011 WL 1979606, at *1-2 (May 20, 2011) (explaining that good time credits merely entitles inmates to consideration of administrative parole; great discretion awarded to the Missouri Board of Probation & Parole). To the extent Plaintiffs assert a due process violation by not having hearings following Cross' refusal of MoSOP of Flaherty, there is no violation. Patterson, 760 F.Supp. at 150 ("[b]ecause plaintiffs have no liberty interest in parole, no procedural due process protections attach to their participation in MoSOP.").

To the extent Plaintiffs allege that Flaherty was not provided a proper sex offender evaluation, the undersigned concludes that Defendants are entitled to judgment. "Mere

- 11 -

allegations, unsupported by specific facts or evidence beyond the moving party's own conclusions, are insufficient to withstand a motion for summary judgment." Ballard v. Heineman, 548 F.3d 1132, 1135 (8th Cir. 2008) (quoting Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2008)). In order to obtain relief, a plaintiff must demonstrate that the defendants had personal involvement in the alleged constitutional violation. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (§ 1983, plaintiff must allege that defendant was personally involved in or had direct responsibility for incidents that resulted in injury). None of the individual Defendants conducted the evaluation.

### 2. Failure to Train

To establish a claim for failure to train, a plaintiff must prove that 1) the training practices were inadequate; 2) the defendant was deliberately indifferent to the constitutional rights of others in adopting the training practices, such that the failure to train reflects a deliberate or conscious choice by the defendant; and 3) the alleged deficiency actually caused harm. Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010). "'In other words, [Plaintiff] must demonstrate that [Defendants] had notice that its procedures were inadequate and likely to result in a violation of constitutional rights.'" Id. at 998 (quoting Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

Plaintiffs have failed to establish any deficiency in training that caused them harm or would likely result in the violation of a constitutional right.

### 3. Deliberate Indifference to Medical Treatment

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." Roberson v.

Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). "'Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation.'" Id. (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997); see also Jones v. Minn. Dep't of Corr., 512 F.3d 478, 482 (8th Cir. 2008) ("If prison officials have actual knowledge of a serious medical need, and fail to take reasonable measures to address it, they may be held liable for deliberate indifference."). "The determination that a medical need is objectively serious is a factual finding." Jones, 512 F.3d at 482.

Plaintiffs allege that Dr. Jones acted with deliberate indifference in terminating his psychiatric services for Flaherty in alleged retaliation. The record shows that Dr. Jones stopped treating Flaherty when he cut back his hours and consequently would not be able to see Flaherty on his assigned date of treatment. An inmate cannot defeat a properly supported motion for summary judgment on a deliberate indifference claim "'by merely stating that []he did not feel []he received adequate treatment.'" Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997)). Plaintiffs assertions are no more than disagreements with medical decisions. "'[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.'" Id. (quoting Taylor v. Bowers, 966 F.2d 417, 421 (8th Cir. 1992). See also Vaughn v. Gray, 557 F.3d 904, 909 (8th Cir. 2009) (an inmate's Eighth Amendment rights are not violated by defendants' refusal to "implement a prisoner's requested course of treatment.") (internal quotations omitted).

Further, Plaintiffs' contention that Dr. Reddy refused to treat Flaherty's memory loss, confusion, and reasoning deficits is not supported by the record. Plaintiffs have not established any deliberate indifference to Flaherty's serious medical needs. Although deliberate indifference to an inmate's serious medical needs may be established by prison doctors interfering with a specialist's prescribed treatment or medication, Plaintiffs have failed to show any such interference. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

### 4. Individual Counseling

Plaintiffs allege that Section P-G-04 of the national accreditation standards of professional practice mandated that MHM provide Flaherty with individual counseling. Specifically, Plaintiffs assert that Defendants Kearns and Vogt failed to provide individual counseling to Flaherty

A "'prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.'" Nelson, 603 F.3d at 449 (quoting Taylor, 966 F.2d at 421).

The record established that Flaherty attended monthly chronic care appointments at which time counseling was provided.

### 5. Cruel and Unusual Punishment

Plaintiffs allege cruel and unusual punishment for failure to allow Cross to file grievances.

The record is devoid of any specific actions of these Defendants for which they wished to file a grievance and showing these Defendants have any authority or control over the grievance process. "Mere allegations, unsupported by specific facts or evidence beyond the moving party's own conclusions, are insufficient to withstand a motion for summary judgment." Ballard v.

Heineman, 548 F.3d 1132, 1135 (8th Cir. 2008) (quoting Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2008)). "Liability under § 1983 requires a casual link to, and direct responsibility for, the alleged deprivation of rights." Madewell, 909 F.2d at 1208. As such, Defendants are entitled to summary judgment.

In summary, Defendants have established that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. For the above reasons, the Court finds Defendants are entitled to summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Defendants MHM Correctional Services, Inc., Michael Pinkert, Steven Wheeler, Dr. Scotty Jones, Dr. Reddy, Julie Motley, Le Ann Vogt, and Jennifer Kearns' Motion for Summary Judgment (ECF No. 143) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Endorsement of Expert Witnesses (ECF No. 122) and to Strike Plaintiffs' Rule 26 Disclosures (ECF No. 124) are DENIED AS MOOT.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this   10th   day of October, 2014.

                                            /s/Terry I. Adelman  
                                      UNITED STATES MAGISTRATE JUDGE